# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 4:17-CR-00049 |
| v. | § | |
| | § | |
| | § | |
| HECTOR RAUL SAN MIGUEL-BERNAL | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 24, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Matthew Johnson.

Hector Raul San Miguel-Bernal was sentenced on August 18, 2014, before The Honorable U.S. District Judge Robert Junell of the Western District of Texas after pleading guilty to the offense of Aiding and Abetting Transportation of Illegal Aliens, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. He was subsequently sentenced to 15 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release plus special conditions to include substance abuse testing and treatment; alcohol abstinence; within 60 days of release, the defendant shall establish an account with the Texas Attorney General's office for the support of his minor

child/children; residential and travel restrictions; contact restrictions; the defendant shall obtain his GED during the term of supervision; the defendant shall participate in workforce development programs and services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program; and a $100 special assessment. On September 28, 2016, he completed his period of imprisonment and began service of the supervision term. On March 27, 2017, jurisdiction in this case was transferred to the Eastern District of Texas and the case was reassigned to U.S. District Judge Amos L. Mazzant. On January 23, 2018, an Order on Request for Modifying the Conditions or Term of Supervision with the Consent of the Offender was signed, and the conditions were modified to include home detention with electronic monitoring for 90 days.

On August 22, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 4, Sealed]. The Petition asserted that Defendant violated eight (8) conditions of supervision, as follows: (1) The defendant shall refrain from any unlawful use of a controlled substance; (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances, except as prescribed by a physician; (3) The defendant shall abstain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts during the term of supervision; (4) The defendant shall not leave the judicial district without the permission of the Court or probation officer; (5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (6) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable

reasons; (7) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and (8) The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

The Petition alleges that Defendant committed the following acts: (1) and (2) On October 31, 2016, Mr. San Miguel-Bernal submitted a positive urine specimen for cocaine. The specimen was confirmed by Alere Toxicology, and he also provided a verbal admission; (3) Mr. San Miguel-Bernal submitted a positive urine specimen for alcohol on August 7, 2017. The specimen was confirmed by Redwood Toxicology Laboratory; (4) Mr. San Miguel-Bernal traveled to the Western District of Texas on or about December 19, 2017, without permission. He had been given permission to travel there during the month of July 2017 pending a transfer of supervision. However, upon the transfer being denied, he was instructed to return permanently by December 19, 2017. Although he returned on this date, it was revealed he returned to the Western District of Texas to continue employment. The travel was revealed after the U.S. Probation Office called his employer to verify his separation date and was advised he was at work (within the Western District of Texas) on December 21, 2017. Additionally, during a home visit conducted on July 13, 2018, the offender's father advised he believed Mr. San Miguel-Bernal had traveled to Oklahoma for work purposes. He also advised the offender had not been home the entire week; (5) Mr. San Miguel-Bernal failed to submit a monthly report form for the months of May, June, and July 2018; (6) Mr. San Miguel-Bernal discontinued employment during the month of June 2018, as revealed by calling his employer. His employment status as of this writing is unknown. While on supervision, he has experienced several periods of unemployment or unstable employment; (7) On

June 26, 2018, Mr. San Miguel-Bernal's parole officer confirmed the offender was no longer employed.  Additionally, during a home visit conducted on July 13, 2018, the U.S. Probation Office was advised the offender had discontinued employment by his father.  His unemployment status was verified by calling the employer.  However, Mr. San Miguel-Bernal failed to notify of his unemployment status or change; and (8) At the inception of supervision, Mr. San Miguel-Bernal verbally stated he was financially supporting his daughter via a mutual agreement with her mother.  He was instructed to establish an account with the Texas Attorney General's Office during the month of August 2017.  The offender did comply with the instruction, but a recent records check revealed he did not pay during the months of June and August 2018.  The outstanding balance is $16, 126.45.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation one (1) of the Petition.  The Government abandoned allegations two (2) through eight (8) of the Petition. Having considered the Petition and the plea of true to allegation one (1), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.   **SIGNED this 30th day of January, 2019.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE